RICHARD DOYLE, City Attorney (88625)
NORA FRIMANN, Assistant City Attorney (93249)
ARDELL JOHNSON, Chief Deputy City Attorney (95340)
SHANNON SMYTH-MENDOZA, Sr. Deputy City Attorney (188509)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California 95113-1905
Telephone Number: (408) 535-1900
Facsimile Number: (408) 998-3131
E-Mail Address: cao.main@sanjoseca.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEE DARNELL WATSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, a government entity, et al.<br><br>　　　　　Defendants. | Case Number: 15-cv-04054-NC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendants, CITY OF SAN JOSE, MATTHEW BRACKETT, RYAN HANSEN, RONALD HUGHES (erroneously named as a Defendant twice), CHRISTOPHER HEINRICH, MICHAEL PANIGHETTI, SGT. JOSEPH STEWART, JONATHAN BAKER, DANIEL P. GUERRA, GERARDO SILVA and PAUL JOSEPH (hereinafter "Defendants"), respond to Plaintiff LEE DARNELL WATSON's (hereinafter "Plaintiff") First Amended Complaint under the Civil Rights Act, Title 42 U.S.C. section 1983 on file herein, as follows:

　　　1.　In response to Paragraph 1 of Plaintiff's First Amended Complaint, Defendants acknowledge that Plaintiff has filed this civil action seeking damages for alleged illegal and unconstitutional conduct, but deny that any defendant engaged in any illegal or unconstitutional conduct.

///

2. In response to the allegations contained in Paragraph 2 of said Complaint, Defendants do not have sufficient information and belief to respond to said allegations and so deny said allegations.

3. In response to the allegations contained in Paragraph 3 of said Complaint, Defendants admit that Officer Matthew Brackett is a police officer and employee of the City of San Jose acting in the course and scope of his duties at all relevant times.  The remainder of the Paragraph is an inappropriate, vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

4. In response to the allegations contained in Paragraph 4 of said Complaint, Defendants admit that Officer Ryan Hansen is a police officer and employee of the City of San Jose acting in the course and scope of his duties at all relevant times.  The remainder of the Paragraph is an inappropriate, vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

5. In response to the allegations contained in Paragraph 5 of said Complaint, Defendants admit that Officer Ronald Hughes is a police officer and employee of the City of San Jose acting in the course and scope of his duties at all relevant times.  The remainder of the Paragraph is an inappropriate, vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

6. In response to the allegations contained in Paragraph 6 of said Complaint, Defendants admit that Officer Christopher Heinrich is a police officer and employee of the City of San Jose acting in the course and scope of his duties at all relevant times.  The remainder of the Paragraph is an inappropriate, vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

7. In response to the allegations contained in Paragraph 7 of said Complaint, Defendants admit that Officer Michael Panighetti is a police officer and employee of the City of San Jose acting in the course and scope of his duties at all relevant times.  The remainder of the Paragraph is an inappropriate, vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

8. In response to the allegations contained in Paragraph 8 of said Complaint, Defendants admit that Sergeant Joseph Stewart is a police officer and employee of the City of San Jose acting in the course and scope of his duties at all relevant times. The remainder of the Paragraph is an inappropriate, vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

9. In response to the allegations contained in Paragraph 9 of said Complaint, Defendants admit that Officer Jonathan Baker is a police officer and employee of the City of San Jose acting in the course and scope of his duties at all relevant times. The remainder of the Paragraph is an inappropriate, vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

10. In response to the allegations contained in Paragraph 10 of said Complaint, Defendants admit that Officer Daniel P. Guerra is a police officer and employee of the City of San Jose acting in the course and scope of his duties at all relevant times. The remainder of the Paragraph is an inappropriate, vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

11. In response to the allegations contained in Paragraph 11 of said Complaint, Defendants admit that Officer Ronald Hughes is a police officer and employee of the City of San Jose acting in the course and scope of his duties at all relevant times. The remainder of the Paragraph is duplicative of Paragraph 5 above, and is an inappropriate, vague and ambiguous legal conclusion and on those grounds Defendants deny said allegations.

12. In response to the allegations contained in Paragraph 12 of said Complaint, Defendants admit that Officer Gerardo Silva is a police officer and employee of the City of San Jose acting in the course and scope of his duties at all relevant times. The remainder of the Paragraph is an inappropriate, vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

13. In response to the allegations contained in Paragraph 13 of said Complaint, Defendants admit that Sergeant Paul Joseph is a police officer and employee of the City of San Jose acting in the course and scope of his duties at all relevant times. The remainder of

the Paragraph is an inappropriate, vague and ambiguous legal conclusion and on that ground Defendants deny said allegations.

14.  In response to the allegations contained in Paragraph 14 of said Complaint, Defendants acknowledge that Plaintiff references the Doe pleading concept of using fictitious names for purposes of future pleading, but deny that said Doe pleading is available in this Court.  Defendants admit the remainder of said allegations.

15.  In response to the allegations contained in Paragraph 15 of said Complaint, Defendants neither admit nor deny the allegations.

16.  In response to the allegations contained in Paragraph 16 of said Complaint, Defendants acknowledge that Plaintiff references the Doe pleading concept of using fictitious names for purposes of future pleading, but deny that said Doe pleading is available in this Court.

17.  In response to the allegations contained in Paragraph 17 of said Complaint, Defendants object that the language is vague, ambiguous and an incomplete legal conclusion and, for those reasons, Defendants deny each and every allegation contained therein.

18.  In response to the allegations contained in Paragraph 18 of said Complaint, Defendants acknowledge that Plaintiff references the Doe pleading concept of using fictitious names for purposes of future pleading, but deny that said Doe pleading is available in this Court.

19.  In response to the allegations contained in Paragraph 19 of said Complaint, Defendants acknowledge that Plaintiff references the Doe pleading concept of using fictitious names for purposes of future pleading, but deny that said Doe pleading is available in this Court.

**JURISDICTION AND VENUE**

20.  In response to the allegations contained in Paragraph 20 of said Complaint, Defendants do not contest jurisdiction at this time.

///

21. In response to the allegations contained in Paragraph 21 of said Complaint, Defendants do not contest venue at this time.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

22. In response to the allegations contained in Paragraph 22 of said Complaint, Defendants object as noted in prior responses and hereby incorporate Paragraphs 1 through 21 from this Answer.

23. In response to the allegations contained in Paragraph 23 of said Complaint, Defendants are without information or belief as to the truth of said allegations and on that basis deny the allegations.

24. In response to the allegations contained in Paragraph 24 of said Complaint, Defendants deny the allegations contained therein.

25. In response to the allegations contained in Paragraph 25 of said Complaint, Defendants deny the allegations contained therein.

26. In response to the allegations contained in Paragraph 26 of said Complaint, Defendants deny the allegations contained therein.

27. In response to the allegations contained in Paragraph 27 of said Complaint, Defendants deny the allegations contained therein.

28. In response to the allegations contained in Paragraph 28 of said Complaint, Defendants deny such allegations.

29. In response to the allegations contained in Paragraph 29 of said Complaint, Defendants deny the allegations contained therein.

30. In response to the allegations contained in Paragraph 30 of said Complaint, Defendants deny the allegations contained therein.

31. In response to the allegations contained in Paragraph 31 of said Complaint, Defendants deny the allegations contained therein.

32. In response to the allegations contained in Paragraph 32 of said Complaint, Defendants deny the allegations contained therein.

///

33. In response to the allegations contained in Paragraph 33 of said Complaint, Defendants object that the language is vague, ambiguous and an incomplete legal conclusion. Defendants are further without information or belief as to the truth of said allegations, and for those reasons, Defendants deny each and every allegation contained therein.

34. In response to the allegations contained in Paragraph 34 of said Complaint, Defendants object that the language is vague, ambiguous and an incomplete legal conclusion. Defendants are further without information or belief as to the truth of said allegations or the nature and extent of plaintiff's injuries, if any, and for those reasons, Defendants deny each and every allegation contained therein.

35. In response to the allegations contained in Paragraph 35 of said Complaint, Defendants deny the allegations contained therein.

36. In response to the allegations contained in Paragraph 36 of said Complaint, Defendants are without information or belief as to the truth of said allegations or the nature and extent of plaintiff's injuries, if any. On that basis they deny the allegations.

37. In response to the allegations contained in Paragraph 37 of said Complaint, Defendants deny the allegations contained therein.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure-Excessive Force (42 U.S.C. § 1983)**
**(Against All Defendants)**

38. In response to the allegations contained in Paragraph 38 of said Complaint, Defendants object as noted in prior responses and hereby incorporate Paragraphs 1 through 37 from this Answer.

39. In response to the allegations contained in Paragraph 39 of said Complaint, Defendants object that the language contained therein is an inappropriate, simplistic, vague, ambiguous and incomplete legal conclusion and, based on this, Defendants deny each and every allegation contained therein.

///

40. In response to the allegations contained in Paragraph 40 of said Complaint, Defendants object that the language contained therein is an inappropriate, simplistic, vague, ambiguous and incomplete legal conclusion and, based on this, Defendants deny each and every allegation contained therein.

41. In response to the allegations contained in Paragraph 41 of said Complaint, Defendants deny the allegations contained therein.

42. In response to the allegations contained in Paragraph 42 of said Complaint, Defendants deny the allegations contained therein.

43. In response to the allegations contained in Paragraph 43 of said Complaint, Defendants deny the allegations contained therein.

## SECOND CLAIM FOR RELIEF

### Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)
### (Against Defendants CITY and DOE SUPERVISORS)

44. In response to the allegations contained in Paragraph 44 of said Complaint, Defendants object as noted in prior responses and hereby incorporate Paragraphs 1 through 43 from this Answer.

45. In response to the allegations contained in Paragraph 45, including subparts a through d, of said Complaint, Defendants object that the language is a vague and ambiguous statement of the law and an incomplete legal conclusion and, for those reasons, Defendants deny each and every allegation contained therein.

46. In response to the allegations contained in Paragraph 46 of said Complaint, Defendants deny the allegations contained therein.

47. In response to the allegations contained in Paragraph 47 of said Complaint, Defendants deny the allegations contained therein.

48. In response to the allegations contained in Paragraph 48 of said Complaint, Defendants deny the allegations contained therein.

49. In response to the allegations contained in Paragraph 49 of said Complaint, Defendants deny the allegations contained therein.

50. In response to the allegations contained in Paragraph 50 of said Complaint, Defendants deny the allegations contained therein.

### THIRD CLAIM OF RELIEF
### State Claim – Battery
### (Against Defendants and DOES 9 through 10, inclusive)

51. In response to the allegations contained in Paragraph 51 of said Complaint, Defendants object as noted in prior responses and hereby incorporate Paragraphs 1 through 50 from this Answer.

52. In response to the allegations contained in Paragraph 52 of said Complaint, Defendants deny the allegations contained therein.

53. In response to the allegations contained in Paragraph 53 of said Complaint, Defendants object that the language is a vague and ambiguous statement of the law and an incomplete legal conclusion and, for those reasons, Defendants deny each and every allegation contained therein.

54. In response to the allegations contained in Paragraph 54 of said Complaint, Defendants are without information or belief as to the truth of said allegations or the nature and extent of plaintiff's injuries, if any.  On that basis they deny the allegations.

55. In response to the allegations contained in Paragraph 55 of said Complaint, Defendants object that the language is a vague and ambiguous statement of the law and an incomplete legal conclusion and, for those reasons, Defendants deny each and every allegation contained therein.

### FOURTH CLAIM OF RELIEF
### (Intentional Infliction of Emotional Distress)
### (Against all Defendants)

56. In response to the allegations contained in Paragraph 56 of said Complaint, Defendants object as noted in prior responses and hereby incorporate Paragraphs 1 through 55 from this Answer.

57. In response to the allegations contained in Paragraph 57 of said Complaint, Defendants object that the language is a vague and ambiguous statement of the law and an

incomplete legal conclusion and, for those reasons, Defendants deny each and every allegation contained therein.

58. In response to the allegations contained in Paragraph 58 of said Complaint, Defendants deny the allegations contained therein.

59. In response to the allegations contained in Paragraph 59 of said Complaint, Defendants deny the allegations contained therein.

60. In response to the allegations contained in Paragraph 60 of said Complaint, Defendants object that the language is a vague and ambiguous statement of the law and an incomplete legal conclusion and, for those reasons, Defendants deny each and every allegation contained therein.

61. In response to the allegations contained in Paragraph 61 of said Complaint, Defendants deny the allegations contained therein.

62. In response to the allegations contained in Paragraph 62 of said Complaint, Defendants deny the allegations contained therein.

### **FIFTH CLAIM OF RELIEF**
**(Negligence)**
**(Against all Defendants)**

63. In response to the allegations contained in Paragraph 63 of said Complaint, Defendants object as noted in prior responses and hereby incorporate Paragraphs 1 through 62 from this Answer.

64. In response to the allegations contained in Paragraph 64 of said Complaint, Defendants deny the allegations contained therein.

65. In response to the allegations contained in Paragraph 65 of said Complaint, Defendants are without information or belief as to the truth of said allegations or the nature and extent of plaintiff's damages, if any. On that basis they deny the allegations.

66. In response to the allegations contained in Paragraph 66 of said Complaint, Defendants are without information or belief as to the truth of said allegations or the nature and extent of plaintiff's damages, if any. On that basis they deny the allegations.

## SIXTH CLAIM OF RELIEF
### (Negligent Hiring, Training and Retention)
### (Against Defendant CITY and Does 9 through 10, inclusive)

67. In response to the allegations contained in Paragraph 67 of said Complaint, Defendants object as noted in prior responses and hereby incorporate Paragraphs 1 through 66 from this Answer.

68. In response to the allegations contained in Paragraph 68 of said Complaint, Defendants object that the language is a vague and ambiguous statement of the law and an incomplete legal conclusion and, for those reasons, Defendants deny each and every allegation contained therein.

69. In response to the allegations contained in Paragraph 69, including subparts a through h of said Complaint, Defendants deny the allegations contained therein.

70. In response to the allegations contained in Paragraph 70 of said Complaint, Defendants are without information or belief as to the truth of said allegations or the nature and extent of plaintiff's damages, if any. On that basis they deny the allegations.

71. In response to the allegations contained in Paragraph 71 of said Complaint, Defendants are without information or belief as to the truth of said allegations or the nature and extent of plaintiff's injuries, if any. On that basis they deny the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As and for a first affirmative defense, Defendants allege that the First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As and for a second affirmative defense, Defendants allege that any harm Plaintiff suffered was the result of a negligent or otherwise wrongful act and/or conduct of persons other than this answering Defendants and that the conduct of other persons other than this Defendants was the sole and proximate cause of the injuries and damages alleged by Plaintiff.

///

### THIRD AFFIRMATIVE DEFENSE

As and for a third affirmative defense, Defendants allege that all actions taken were undertaken in good faith and with reasonable belief that the actions were valid, necessary, constitutionally proper, and objectively reasonable for a police officer in the same circumstances, entitling Defendants, and each of them, to qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

As and for a fourth affirmative defense, Defendants allege that the arrest of Plaintiff was performed reasonably and pursuant to the laws of California with respect to the actions of police officers.

### FIFTH AFFIRMATIVE DEFENSE

As and for a fifth affirmative defense, Defendants allege that their conduct was privileged and not wrongful since they were acting in the defense of others.

### SIXTH AFFIRMATIVE DEFENSE

As and for a six affirmative defense, Defendants allege that Plaintiff's First Amended Complaint is barred by the applicable statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

As and for a seventh affirmative defense, Defendants allege that their actions towards Plaintiff were the result of his negligence and/or criminal conduct and that said actions of Plaintiff were the sole and proximate cause of their actions and any damages alleged by Plaintiff in this case.

### EIGHTH AFFIRMATIVE DEFENSE

As and for an eighth affirmative defense, Defendants allege that Plaintiff has failed to mitigate his damages, if any.

### NINTH AFFIRMATIVE DEFENSE

As and for a ninth affirmative defense, Defendants allege that the treatment of Plaintiff was lawful and justified under the facts of the case.

///

///

**TENTH AFFIRMATIVE DEFENSE**

As and for an tenth affirmative defense, these answering Defendants allege that the complained of conduct does not and cannot rise to the level of deliberate indifference to Plaintiffs' rights or amount to conduct that shocks the conscience of the Court under the facts and circumstances pled.

**ELEVENTH AFFIRMATIVE DEFENSE**

As and for an eleventh affirmative defense, these answering Defendants allege that any damages or injuries suffered by Plaintiff are barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver and/or estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

As and for a twelfth affirmative defense, Defendants allege that Defendant CITY OF SAN JOSE is immune from a claim of exemplary or punitive damages by virtue of Government Code § 818.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As and for a thirteenth affirmative defense, Defendants allege that they are immune from the state law causes of action pursuant to Government Code §§800-1000, including but not limited to §§820.2 820.4, 820.8, 821.6, 821.8, and 822.2.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As and for a fourteenth affirmative defense, Defendants allege that Plaintiff's Complaint is barred in that Plaintiff failed to comply with the claims filing provision of Government Code §900, *et. seq.*

**FIFTEENTH AFFIRMATIVE DEFENSE**

As and for a fifteenth affirmative defense, Defendants allege that any damages or injuries suffered by Plaintiff were occasioned by his own wrongful actions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As and for a sixteenth affirmative defense, Defendants allege that third parties were careless and negligent in and about the matters referred to in said Complaint, and further that these third parties failed to exercise ordinary or any care regarding matters referred to

in the Complaint and such carelessness and negligence on the part of these third parties proximately caused and contributed to the damage, detriment or injury sustained by Plaintiff, if any there was, and that Plaintiff's recovery from Defendants, if any there is, should therefore either be barred or reduced to the extent of the third party's negligence.

WHEREFORE, these answering Defendants pray:

1. That Plaintiff take nothing by his First Amended Complaint;
2. That Plaintiff's First Amended Complaint be dismissed with prejudice;
3. That Defendants be awarded the costs of suit, including attorney's fees incurred herein; and
4. For such other and further relief as the Court deems proper.

## JURY TRIAL DEMAND

Defendants hereby demand a jury.

Respectfully submitted,

Dated: January 27, 2016

RICHARD DOYLE, City Attorney

By: /s/ Shannon Smyth-Mendoza
SHANNON SMYTH-MENDOZA
Sr. Deputy City Attorney

Attorneys for Defendants